IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robin D. Kinsey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 8:16-3682-BHH |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security ) | **ORDER** |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Robin D. Kinsey's ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court reverse the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) and remand the case to the Commissioner for further administrative action. The Commissioner filed objections to the Report, and Plaintiff filed a response to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules the Commissioner's objections.

## **BACKGROUND**

Plaintiff filed an application for DIB on March 30, 2010, alleging disability beginning

on December 30, 2009. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on March 1, 2012. On April 26, 2012, the ALJ issued a decision denying Plaintiff's claim. Plaintiff requested review, but the Appeals Council denied review on April 23, 2013, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed an action seeking judicial review on June 24, 2013, and on November 13, 2014, the Court remanded the case for further proceedings.

On February 25, 2016, the ALJ held a subsequent hearing. On August 12, 2016, the ALJ issued a decision again finding that Plaintiff was not disabled. Plaintiff did not file exceptions with the Appeals Council and instead filed this action on November 18, 2016.

Plaintiff was 46 years old on her application date and 50 years old on her date last insured. She completed high school and two years of college, and she has past relevant work performing secretarial and clerical work at NuTek Associates.

## **STANDARDS OF REVIEW**

### I.  **The Magistrate Judge's Report**

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. **Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established

by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

**I.    The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination

3

involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2014, and had not engaged in substantial gainful activity since December 30, 2009, the alleged onset date, through her date last insured of September 30, 2014. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, right carpal tunnel syndrome, anxiety/panic disorder, and degenerative joint disease of the right shoulder. The ALJ also determined that Plaintiff has the following non-severe impairments: fibromyalgia, premature ventricular contractions and

4

migraines, depression, and transischemic attack.  However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings").  With regard to residual functional capacity ("RFC"), the ALJ found the following:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to: sit, stand, and walk each for 6 hours of an 8-hour day; frequently lift/carry 10 pounds; occasionally lift 20 pounds; frequently climb ropes/ladders/scaffolds, reach overhead, frequently perform gross manipulation, and occasionally crawl. She would be further limited to understanding, remembering, and carrying out simple instructions and would need to avoid work involving contact with the general public.

(Tr. at 490-91.)  The ALJ found that Plaintiff was unable to perform her past relevant work, but that, considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could perform.  Therefore, the ALJ found that Plaintiff was not under a disability, as defined in the Act, between December 30, 2009, the alleged onset date, and September 30, 2014, the date last insured.

## II.     The Court's Review[1]

In this action, Plaintiff asserts that the ALJ erred in the following ways: (1) by failing to find that Plaintiff's fibromyalgia and migraine headaches were severe impairments; (2) by again failing to consider the combined impact of Plaintiff's multiple impairments; (3) by

---

[1] As the Magistrate Judge noted, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017.  However, these changes specifically state that they apply to claims filed on or after March 27, 2017.  *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527.  Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed his application for benefits, unless otherwise specified.

wrongly dismissing the opinion of a treating physician; and (4) by finding Plaintiff not fully credible with respect to her subjective complaints.

In her Report, the Magistrate Judge first considered the ALJ's assessment of Plaintiff's fibromyalgia. After explaining the applicable rules and regulations,[2] the Magistrate Judge determined that the ALJ's findings with respect to Plaintiff's fibromyalgia were inadequate at step two, noting that it was unclear whether the ALJ dismissed the diagnosis of fibromyalgia and found it not to be a medically determinable impairment or whether the ALJ merely dismissed Plaintiff's allegations of symptoms associated with fibromyalgia.[3] In addition, the Magistrate Judge determined that in light of the ALJ's inadequate analysis, she could not determine "whether the ALJ accounted for the subjective nature of Plaintiff's symptoms associated with fibromyalgia in his analysis beyond step 2, regardless of whether he found fibromyalgia to be a severe or non-severe impairment at step 2." (ECF No. 18 at 22.) Due to these shortcomings, the Magistrate

---

[2] As the Magistrate Judge noted, "Although there is no medical listing for fibromyalgia, Titles II and XVI of Social Security Ruling 12-2p provide[ ] guidance on how the Commissioner develops evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how to evaluate fibromyalgia in disability claims and continuing disability reviews." *Smith v. Colvin*, No. 2:14-42, 2015 WL 7571946, at *7 (W.D.Va. Nov. 24, 2015) (citing S.S.R. 12-2p, 77 Fed. Reg. at 43,641). Social Security Ruling 12-2 p explains how the Commissioner considers fibromyalgia in the five-step sequential evaluation process and defines fibromyalgia as a "complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." S.S.R. 12-2p, 77 Fed. Reg. at 43,641. "According to S.S.R. 12-2p, as with any other disability claim, objective medical evidence is needed to establish that a person's fibromyalgia constitutes a medically determinable impairment." *Smith*, 2015 WL 7571946, at *7 (citing S.S.R. 12-2p). The Commissioner may find a claimant has the medically determinable impairment of fibromyalgia if the claimant meets all three of the following criteria: (1) a history of widespread pain, (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, and (3) evidence that other disorders that could cause these repeated manifestations were excluded. 77 Fed. Reg. at 43,642. Ruling 12-p also provides that fibromyalgia should be considered in the RFC based on a longitudinal record whenever possible because symptoms can wax and wane such that a person may have "bad days and good days." *Id.*

[3] The ALJ found at step two that Plaintiff's fibromyalgia did not constitute a severe impairment because her "treatment notes do not document 11 of 18 tender (trigger) point sites." (Tr. at 488.) The ALJ then stated: "Due to the lack of specific findings regarding this diagnosis, I find the alleged impairment of fibromyalgia to be non-severe." (*Id.* at 489.)

6

Judge recommends that the Court remand the case for further administrative review of Plaintiff's claim, including consideration of Plaintiff's remaining allegations of error.

The Commissioner filed written objections to the Magistrate Judge's Report, asserting that substantial evidence supports the ALJ's decision and claiming that the Magistrate Judge:

> (1) erroneously assumed that the medical evidence of record could establish fibromyalgia as a medically determinable impairment pursuant to the Commissioner's regulations; (2) relied on Plaintiff's subjective reports to providers, when the Commissioner's regulations require objective evidence to establish a diagnosis of fibromyalgia; and (3) improperly required that the ALJ credit Plaintiff's subjective complaints of pain and other symptoms, in the absence of a medically determinable impairment that could produce those symptoms.

(ECF No. 19 at 2.) Importantly, in her objections, the Commissioner concedes that "the ALJ's finding at step two is ambiguous, insofar as it does not conclusively establish whether he found fibromyalgia to be a medically determinable impairment." (ECF No. 19 at 7.) As noted above, the ALJ stated that he found Plaintiff's "alleged impairment of fibromyalgia to be non-severe." (Tr. at 489.) Nevertheless, the Commissioner argues that it would be "entirely reasonable for this Court to interpret this as a finding that the 2010 diagnostic criteria for fibromyalgia (as memorialized in SSR 12-2p) were not met." (ECF No. 19 at 7.) In her response to the Commissioner's objections, Plaintiff states, "And therein is the rub. It is not this Court's function to review and reweigh the medical evidence." (ECF No. 20 at 2.)

After review, the Court agrees with Plaintiff and overrules the Commissioner's objections. As the Magistrate Judge explained, because it is unclear whether the Commissioner dismissed Plaintiff's diagnosis of fibromyalgia or whether he simply

dismissed Plaintiff's allegations of symptoms related to fibromyalgia, further explanation is necessary before the Court can properly evaluate the ALJ's decision and determine whether it is supported by substantial evidence. The Commissioner argues that "[e]ven if the ALJ's decision is ambiguous, Plaintiff has not met her burden of pointing to objective findings that would satisfy part II(B) of SSR 12-2p, and therefore the derivative question whether the ALJ's credibility analysis sufficiently accounts for her fibromyalgia symptoms is irrelevant." (ECF No. 19 at 7.) However, the Court agrees with Plaintiff that conducting an appropriate step two analysis is the ALJ's responsibility, and it would be entirely inappropriate for this Court to weigh the evidence and determine in the first instance whether objective evidence demonstrates the diagnostic criteria for finding fibromyalgia. *See Mastro,* 270 F.3d at 176 (noting that a reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency in assessing whether substantial evidence supports a decision). Moreover, assuming the ALJ did intend to find fibromyalgia to be a medically determinable impairment, which, as explained above, is not entirely clear from his decision, then the Court likewise agrees with the Magistrate Judge that the Court cannot ascertain whether the ALJ properly accounted for Plaintiff's fibromyalgia symptoms after step two of the analysis in accordance with S.S.R. 12-2p. *See Smith*, 2016 WL 1089302.

Ultimately, because the ALJ inadequately explained his findings as to Plaintiff's fibromyalgia and his consideration of the evidence related thereto, the Court cannot conduct a proper review based on the current record. Thus, the Court agrees with the Magistrate Judge that remand is necessary for further administrative action. On remand, the ALJ shall also consider Plaintiff's remaining allegations of error.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 18) is adopted and specifically incorporated herein; the Commissioner's objections (ECF No. 19) are overruled; and the Commissioner's final decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 22, 2018
Charleston, South Carolina